UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:13-CR-48-GFVT-HAI-3 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| LESLIE CORNETT, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral (D.E. 328 at 2), considers reported violations of supervised release conditions by Defendant Leslie Cornett. District Judge Van Tatenhove entered a judgment against Defendant on January 29, 2015, for conspiracy to manufacture a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. D.E. 267 at 1. Defendant was sentenced to thirty-two months of imprisonment to be followed by three years of supervised release. *Id.* at 2-3. Defendant began his term of supervised release on October 7, 2016.

On December 21, 2017, the United States Probation Office issued a Supervised Release Violation Report ("the Report"), and secured an arrest warrant on the same day. D.E. 329. The Report alleges that Defendant was arrested by a Kentucky state police officer after a traffic stop on December 14, 2017. According to the citation, Defendant had a yellow powder substance in both nostrils and admitted to snorting a Lorcet pill and smoking marijuana prior to the traffic stop. The Report also alleges that Defendant failed to notify his probation officer within seventy-two hours of the arrest and then failed to report to the probation office on December 21, 2017, after being directed to do so by his probation officer.

The Report charges three violations stemming from this conduct. First, as Violation #1, the Report charges that Defendant violated his supervised release by committing six separate state crimes. Pursuant to his arrest on December 14, Defendant was charged with (1) Operating a Motor Vehicle Under the Influence of Alcohol or Drugs, Aggravating Circumstances, which is a violation of K.R.S. § 189A.010(5)(a); (2) No Registration Plates, which is a violation of K.R.S. § 189.170; (3) No Registration Receipt, which is a violation of K.R.S. § 186.170; (4) Failure to Produce Insurance Card, which is a violation of K.R.S. § 304.39-117; (5) Failure of Owner to Maintain Required Insurance, First Offense, which is a violation of K.R.S. § 304.39-080; and (6) Disregarding a Stop Sign, which is a violation of K.R.S. § 189.330. Defendant eventually pled guilty to Operating a Motor Vehicle Under the Influence of Alcohol or Drugs, Aggravating Circumstances, which is a Class B misdemeanor, and was sentenced to fourteen days in jail. *See* K.R.S. §§ 189A.010(5)(a); 532.020(3). Second, as Violation #2, the Report charges that Defendant violated Standard Condition #11, which requires him to "notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." Third, as Violation #3, the Report charges that Defendant violated Standard Condition #2, which requires him "to report to the probation officer in a manner and frequency directed by the court or probation officer." All of these are Grade C violations.

**I.**

The Court conducted an initial appearance pursuant to Rule 32.1 on February 22, 2018, and Defendant entered a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 342. The United States moved for interim detention, and Defendant did not argue

for release. *Id*. Based on the heavy § 3143(a) defense burden, the Court remanded Defendant to the custody of the United Stated Marshal. *Id.*

The Court conducted a final hearing on February 27, 2018, and afforded all parties the rights due under Rule 32.1(b)(2). D.E. 344. Based on his guilty plea in Leslie Circuit Court to the charge of Operating a Motor Vehicle Under the Influence of Alcohol/Drugs, Aggravating Circumstances, Defendant entered a knowing, voluntary, and intelligent stipulation to Violation #1. *Id*. Defendant also entered a knowing, voluntary, and intelligent stipulation to Violations #2 and #3. *Id*. For purposes of Rule 32.1 proceedings, and only as to the DUI portion of Violation #1, Defendant admitted the factual basis for the violations as described in the Report. The United States thus established all violations under the standard of § 3583.

The parties did not agree as to the sentence. The government argued for revocation with seven months of incarceration followed by two years of supervised release. Defense counsel argued for three months of incarceration followed by two years of supervised release.

**II.**

The Court has evaluated the entire record, including the Report, accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the 18 U.S.C. § 3553 factors imported into the § 3583(e) analysis. Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to conspiracy to manufacture a mixture containing methamphetamine, a Class C felony. *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. 3559(a)(3). For a Class C felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. 18 U.S.C. § 3583(e)(3). The

Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and Grade C violations, Defendant's Range under the Revocation Table of Chapter 7 is three to nine months. U.S.S.G. § 7B1.4(a).

The United States argued for revocation with a seven-month term of imprisonment followed by a two-year term of supervised release. The government explained that, after starting in the middle of the Guidelines Range, various mitigating and aggravating factors rendered the seven-month recommendation. As mitigating, the government noted that Defendant accepted responsibility and completed over one year of supervised release before these violations occurred.

Regarding Defendant's history and characteristics, the government argued that the similarities between Defendant's violation conduct and the underlying offense aggravate. Defendant violated his pretrial release by failing to report to the USPO, which, the government argued, is similar to his failure to report at the direction of his probation officer on December 21 and within seventy-two hours of his arrest. The government emphasized that each of these violations constitute a significant breach of the Court's trust. Additionally, Defendant's presentence report indicates that he used Lorcet and methamphetamine during the commission of

his underlying offense. The government argued that this nexus raises the concern that Defendant's drug use will cause him to return to drug trafficking, which poses a dangerous risk to the public.

The government also acknowledged Defendant's low criminal history category of I, but emphasized that his criminal history includes charges for driving under the influence, marijuana cultivation, and drug trafficking. Each of these charges is concerning, the government argued, because they resemble his violation conduct and create the risk that Defendant is returning to a pattern of dangerous behavior.

Defense counsel argued that a sentence at the low-end of the Guidelines Range would better suit the § 3553 factors, specifically a three-month term of incarceration followed by two years of supervised release. Regarding the nature and circumstances of the underlying offense, counsel acknowledged the large size of the methamphetamine manufacturing conspiracy, but stressed that Defendant was eligible for the safety valve provision under § 3553(f) because he was not a leader in the commission of the underlying offense and he accepted responsibility. Counsel also noted that Defendant accepted responsibility for these supervised release violations. Counsel reminded the Court that Defendant's role in the underlying offense was to obtain pseudoephedrine, and that he was not a cook.

Regarding Defendant's history and characteristics, counsel emphasized Defendant's nonviolent criminal history that resulted in a criminal history category of I. Additionally, counsel explained that Defendant has battled a long-lasting addiction to methamphetamine and painkillers that resulted from a car accident and a logging injury. Counsel acknowledged that Defendant did not complete the Residential Drug Abuse Program ("RDAP") through the Bureau

5

of Prisons, and asked the Court to mandate substance abuse treatment by modifying the terms of his supervised release. Counsel indicated that Defendant received diversion for one of his past state charges due to his successful completion of a state drug court program and argued that Defendant would like to achieve and maintain sobriety. Recognizing Defendant's breach of the Court's trust, counsel emphasized that he has successfully completed fourteen months of supervised release, and argued that this demonstrates his commitment to being compliant with the terms of his supervision.

Defendant addressed the Court and apologized for his behavior. He explained that he completed some substance abuse treatment while in federal custody, but that he felt that he could benefit from additional treatment. Defendant reiterated defense counsel's request for mandatory substance abuse treatment throughout his supervised release.

## III.

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the § 3583(e) analysis, as well as the Guidelines Range.

The Court considers the nature and circumstances of Defendant's underlying conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant was involved in a very dangerous methamphetamine manufacturing conspiracy that included a large number of defendants. Although Defendant's role was lesser compared to other participants, it still constituted dangerous conduct.

Regarding Defendant's history and characteristics, his presentence report indicates that he used methamphetamine and Lorcet during the commission of the underlying offense. His

criminal history also includes marijuana cultivation. Defendant's recent use of Lorcet and marijuana raises the concern that he will return to more serious criminal behavior. This creates a strong need to deter criminal conduct and protect the public. While it is encouraging that Defendant has completed over a year of supervised release without violating his conditions, the current violations are significant.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into § 3583(e).

Defendant's conduct constitutes a significant breach of the Court's trust. He committed multiple dangerous violations, including driving while under the influence of alcohol or drugs. This conduct endangered others. While Defendant has accepted responsibility and seems sincere in his request for additional substance abuse treatment, he failed to report to the probation office as directed and within seventy-two hours of his arrest. He could have improved his situation by reporting the arrest, but chose to further violate the terms of his supervised release, so a sentence at the low-end of the Guidelines Range is inappropriate.

Ultimately, a sentence of six months of incarceration is sufficient, but not greater than necessary, to meet the § 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b), (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's conviction does not carry a maximum term of supervised release due to the nature of the underlying offense. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(C). Accordingly and for the reasons stated above, the Court recommends that a two-year term of supervised release be re-imposed. Defendant seems sincere in his request for additional substance abuse treatment, and it is clear that he needs it. However, the terms of his supervised release currently provide for substance abuse treatment at the discretion of the USPO and are sufficient to address his needs.

Based on the foregoing, the Court **RECOMMENDS**:

    1.    That Defendant be found guilty of all violations;

    2.    Revocation with a term of imprisonment of six months; and

    3.    A term of supervised release of twenty-four months, under the conditions previously imposed.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As

defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 5th day of March, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge