UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:13-cr-00048-GFVT-HAI-3 |
| V. | ) | |
| LESLIE CORNETT, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Recommended Disposition [R. 345] filed by United States Magistrate Judge Hanly A. Ingram. Defendant Leslie Cornett is charged with three violations of his supervised release stemming from his arrest in December 2017. [*Id.* at 1-2.] At a final revocation hearing before Judge Ingram on February 27, 2018, Mr. Cornett admitted the factual basis for these violations. [*See id.* at 3.] The matter was then referred to Judge Ingram to recommend a proposed disposition.

On March 5, 2018, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Mr. Cornett's supervised release and a six-month term of imprisonment followed by a two-year term of supervised release under the conditions previously imposed. [*Id.* at 8.] Judge Ingram structured this recommended sentence based on the arguments of both parties. Judge Ingram noted that defendant has a history of drug use and marijuana cultivation, and was using marijuana and Lorcet prior to his arrest in December 2017. [*Id.* at 6-7.] The Magistrate agreed with the parties' suggestion that the defendant be required to

complete an inpatient treatment program to address his illicit drug use. [*Id.* at 4.] Judge Ingram noted the dangerousness of defendant's actions, driving while under the influence of drugs, and how those actions "constitute[] a significant breach of the Court's trust." [*Id.* at 7.] On the whole, Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors throughout his Recommended Disposition, and he adequately explained why a within-guideline sentence of six months is appropriate in this case.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id*. at 7.] *See* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition have been filed by either party. Indeed, Defendant Cornett, through counsel, filed a waiver of allocution. [R. 346.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 345**] as to Defendant Leslie Cornett is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Cornett is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Defendant Cornett's Supervised Release is **REVOKED**;

4. Mr. Cornett is **SENTENCED** to the Custody of the Bureau of Prisons for a six-month term of imprisonment; and

5. Following his release from incarceration, Mr. Cornett is placed on supervised release for a term of two years.

This the 22nd day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge