UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:13-cr-48-GFVT-HAI-3 |
| V. | ) | |
| LESLIE CORNETT, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 372] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Leslie Cornett, is charged with five violations of his supervised release conditions. *Id.* at 2-4. These five violations fall into three general categories: (i) failure to follow the instructions of his probation officer; (ii) admission to use of methamphetamine; and (iii) trafficking of a controlled substance. *Id.* Judgment was originally entered against the Defendant on January 22, 2015, for conspiracy to manufacture a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* at 1. He was originally sentenced to thirty-two months followed by a three-year term of supervised release. *Id.* Mr. Cornett began his term of supervised release on October 7, 2016. *Id.*

Mr. Cornett had his initial supervised release revoked for the violations of commission of a crime, failure to report an arrest to the United States Probation Office, and failure to report to the USPO. *Id.* These violations resulted in a sentence of six month of imprisonment and two years of supervised release. *Id.* The Defendant then began his second term of supervised release

on August 22, 2018.

Shortly thereafter, on September 18, 2018, Cornett was charged with violating two conditions of his release. *Id.* at 2. Then, on October 1, he was charged with two additional violations of his supervised release. *Id.* Finally, on October 15, a Second Addendum charged Cornett with a fifth violation. *Id.*

The initial two violations are similar. In both instances Cornett failed to follow the instructions of his Probation officer. Within 72-hours of his release from custody Cornett was required to report to the USPO. Instead, Cornett waited 120 hours to meet with an officer. *Id.* This constitutes a Grace C violation. Cornett's second failure to follow instructions when he, again, failed to timely report to his probation officer after his initial appearance. *Id.* Indeed, after explaining that he had car trouble and would not be able to report, Officer Armstrong attempted to reach Cornett. *Id.* at 3. However, all of Officer Armstrong's attempts were futile. *Id.* In the end, Cornett failed to show up at the designated time. Like the first violation, this is a Grade C violation. *Id.*

Cornett's third and fourth violations stem from his admission to using methamphetamine. *Id.* As a condition of his release Cornett agreed to "refrain from any unlawful use of a controlled substance." *Id.* However, after his release, Cornett admitted to using methamphetamine. *Id.* This too was a Grade C violation. This admission also triggered a violation of a second mandatory condition that he "not unlawfully possess a controlled substance," because Sixth Circuit precedent construes use as the equivalent of possession.

Finally, Cornett was charged by a grand jury with trafficking in a controlled substance, first degree. *Id.* As with the fourth violation, this violates the condition that he "not commit another federal, state, or local crime, and that he must not unlawfully possess a controlled

2

substance." *Id.* at 4. This conduct would constitute a Grade A violation but was dismissed on the Government's motion. *Id.* at 10.

At the final revocation hearing, held on November 29, 2018, Cornett competently entered a knowing, voluntary, and intelligent stipulation to the first four violations that had been charged by the USPO in the Supervised Release Violation Report and Addendum. [R. 371.] On December 5, 2018, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Cornett's supervised release and a term of nine months of imprisonment followed by a one-year term of supervised release. [R. 372.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence. Judge Ingram began by noting the nexus between Cornett's conviction for manufacturing a mixture containing methamphetamine and confessing to continued use of the same drug. *Id.* at 6. While Cornett's honesty with his Probation Officer and forthrightness with the Court are mitigating factors, its effect is diminished by his failure to follow the directions given to him by the USPO. *Id.* at 8.

Judge Ingram also reiterated the need to deter criminal conduct. This factor counseled in favor of an additional term of supervision because methamphetamine is only procured through illegal means. *Id.* at 8. Continued use puts him and the general public at increased risk of injury or death. *Id.* at 9. The additional term of supervision should help prevent Cornett from continued criminal behavior or increase the likelihood that he is caught if he does continue to violate the law. *Id.* Sadly, Cornett's continued use of methamphetamine also speaks to an addiction. To help him combat this addiction, the Court recommends that as a condition of his supervised release that he complete a term of mandatory inpatient drug treatment at the facility of the USPO's choosing. *Id.*

In recommending a lengthier term of imprisonment, Judge Ingram highlighted the he previously received a middle of the advisory Guidelines range sentence for his first supervisory release violation. *Id.* A second violation warrants a longer prison sentence. *Id.* This necessity is made clear by the fact that the primary wrong committed by Cornett was the violation of the Court's trust. *Id.* at 10. Cornett must learn that he must respect the Court and the USPO or he will face harsh consequences. *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. *Id*. at 9. *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Cornett submitted a waiver of allocution. [**R. 376.**] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 372**] as to Defendant Leslie Cornett is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Cornett is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition

of the Magistrate Judge;

       3.       Cornett's Supervised Release is **REVOKED**;

       4.       Mr. Cornett is **SENTENCED** to the Custody of the Bureau of Prisons for a term of nine months of imprisonment:

       6.       A one-year term of supervised release under the same conditions originally imposed in the prior revocation judgment [R. 350] along with the following additional conditions:

      a) You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner;

      b) You must provide to the USPO, within 7 (seven) days of release from the custody of the Bureau of Prisons, a written report, in a form the USPO directs, listing each and every prescription medication in your possession, custody or control. The list must include, but not be limited to, any prescription medication that contains a controlled substance and encompasses all current, past and outdated or expired prescription medications in your possession, custody, or control at the time of the

report;

c) You must notify the USPO immediately (i.e. within no later than 72 hours) if you receive any prescription for a medication containing a controlled substance during the period of supervised release. You must provide the USPO such documentation and verification as the USPO may reasonably request and in a form the USPO directs;

d) You must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications;

e) You must report any theft or destruction of your prescription medications to the U.S. Probation Officer within 72 hours of the theft or destruction; and

f) Must complete a term of inpatient substance-abuse treatment at a facility approved by the USPO and that he complies with all rules and requirements of the treatment program.

This the 11th day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge